**2013 UT App 18**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF O.F. AND L.F.,
PERSONS UNDER EIGHTEEN YEARS OF AGE

P.F.,

*Appellant,*

*v.*

STATE OF UTAH,

*Appellee.*

Per Curiam Decision
No. 20120953-CA
Filed January 25, 2013

Third District Juvenile, Salt Lake Department
The Honorable Kimberly K. Hornak
No. 1036945

Colleen K. Coebergh, Attorney for Appellant
John E. Swallow and John M. Peterson, Attorneys for Appellee
Martha Pierce, Guardian ad Litem

Before JUDGES DAVIS, VOROS, and ROTH.

PER CURIAM:

¶1     P.F. (Father) appeals the termination of his parental rights. He asserts that there was insufficient evidence to support the juvenile court's conclusions that he had abandoned his children and that he had made only token efforts to support or communicate with his children.

¶2 "[I]n order to overturn the juvenile court's decision [to terminate a person's parental rights] 'the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made.'" *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Further, we give the juvenile court a "'wide latitude of discretion as to the judgments arrived at' based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' 'special training, experience and interest in this field.'" *Id.* (citations omitted). Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3 The juvenile court found that there was sufficient evidence to demonstrate that Father had abandoned the children. The evidence supports such a determination. *See* Utah Code Ann. § 78A-6-507(1)(a) (LexisNexis 2012).

> In determining whether a parent or parents have abandoned a child, it is prima facie evidence of abandonment that the parent or parents:
>> . . .
>> (b)  have failed to communicate with the child by mail, telephone, or otherwise for six months; [or]
>> (c)  failed to have shown the normal interest of a natural parent, without just cause.

*Id.* § 78A-6-508(1). In this case there is no question that Father failed to communicate with his children for over six months. Further, the evidence also demonstrates that Father failed to show the normal interest of a natural parent.

¶4      Father testified that the last time he communicated with his children via telephone was in January of 2012. The termination trial took place on October 16, 2012. Thus, more than six months went by without any communication between Father and the children. Father complained that the foster parents cut off any communication with the children. However, he never explained how or when those attempts at communication occurred. Further, he never voiced any concerns to DCFS about his alleged inability to contact the children despite caseworkers' repeated efforts to contact him. In fact, Father stopped communicating with DCFS in January of 2012, and did not communicate with DCFS again, with the exception of one call to inquire as to the time of a hearing that occurred shortly before the termination trial. Thus, from January of 2012 until the time of trial, Father made no effort to inquire as to his children's well-being. Further, during the children's time in State custody, Father never sent them letters, cards, or gifts. Father never offered any reasonable explanation to explain this lack of contact and interest. These failures to inquire as to the well-being of his children, to attempt to be part of their lives, or to express his concerns about his alleged inability to contact his children, demonstrate that he has failed to show the normal interest of a natural parent, without just cause. Accordingly, the evidence was sufficient to support the juvenile court's determination that Father abandoned the children.[1]

¶5      Affirmed.

---

1. Pursuant to Utah Code section 78A-6-507, the finding of any single ground for termination is sufficient to warrant termination of parental rights. *See* Utah Code Ann. § 78A-6-507(1) (LexisNexis 2012) (providing that the court may terminate all parental rights if it finds any one of the grounds listed); *In re F.C.*, 2003 UT App 397, ¶ 6, 81 P.3d 790 (noting that any single ground is sufficient to terminate parental rights). Accordingly, there is no reason to review the other ground relied upon by the juvenile court to support the termination of Father's parental rights.